## DONALD ROSS *versus* JOSEPH BERRY & als.

When the two justices, selected to take the disclosure of a poor debtor, who has given the bond provided by statute, for his release from arrest on execution, shall, at any stage of the proceeding, disagree upon any point or question, which must be decided before the case can proceed, the occasion has arisen contemplated by the statute, for calling in a third justice.

The three justices constitute the tribunal, after the third has been called in; and, although the concurrence of two only is required, all must act, in determining any question that may arise, until a final decision of the case is made.

Where the officer, who took the bond of an execution debtor, included in it a sum for " dollarage," as an item of his fees, it was thereby rendered invalid as a statute bond. — DAVIS, J., *dissenting.*

And it does not alter the case that the officer intended to make the bond conformable to the statute, and supposed his charge a legal one. The error was not " by mistake or accident," contemplated by sec. 44, c. 113 of R. S.

Ross *v.* Berry.

If the bond be valid only at common law, because of error in the penal sum, its condition will be performed, if the debtor cite, submit himself to examination and take the oath, although the proceedings are not according to the requirements of the statute. — DAVIS, J., *dissenting.*

REPORTED from *Nisi Prius*, MAY, J., presiding.

THIS was an action of DEBT on a poor debtor's bond for release from arrest on execution.

To prove the performance of one of the alternative conditions of the bond, the defendants offered in evidence the certificate of two justices of the peace and quorum that they had administered to the principal defendant the oath prescribed by the statute; also, the execution by virtue of which the debtor was arrested, and the officer's return thereon, from which it appeared that he included among his fees, on said execution, this item, "dollarage $9,27"; which sum made a part of the amount for which the bond was given.

The officer testified that he "included 'dollarage' in the bond, supposing he had a right to do so. He intended to make the bond conform to the statute."

The facts relating to the organization of the justices' court, and their proceedings, as disclosed by the evidence in the case, are sufficiently indicated in the opinion.

*Gilbert & Sewall*, for plaintiff.

The fact that the officer included dollarage does not, necessarily, make the bond valid only at common law. The testimony of the officer is, that the penalty of the bond was made too much by his accident or mistake. It is still valid as a statute bond. R. S., c. 113, § 44; *Lambard* v. *Rogers*, 31 Maine, 350.

The defendants claim that one of its alternative conditions has been performed; that the principal seasonably took the oath. Has he done so according to the requirements of the statute?

The justices who administered the oath had no jurisdiction. The third justice was improperly there; he never

had any jurisdiction. The occasion had not arisen for his selection. The refusal of the debtor to answer the interrogatory propounded, was not a matter to be submitted to the consideration of a third justice. If the debtor refused to answer pertinent questions, the oath should not have been administered.

After the withdrawal of one of the justices, the proceedings were all *coram non judice*. All the justices should have been present and adjudicated upon the disclosure.

It cannot affect the rights of the creditor, that one of the justices saw fit to withdraw. If the debtor has thereby suffered, his remedy is against the magistrate. It furnishes no defence to an action on the bond.

*Tallman & Larrabee*, for the defendants.

The opinion of the Court was drawn up by

KENT, J.—The action is upon a poor debtor's bond, one condition of which is, that the debtor shall, within six months after date, cite the creditor before two justices of the peace and quorum, and submit himself to examination, and take the oath prescribed in the twenty-eighth section of chapter 113, of R. S. The defendants affirm that this condition has been legally complied with. If this is a statute bond, no question is raised as to the preliminary proceedings in issuing the citation and notice thereon. It appears that on the day named two justices, legally qualified to act, one chosen by the debtor and one by the creditor, organized properly the tribunal contemplated by the statute. They proceeded regularly in taking the disclosure until a question arose whether the debtor was bound to answer a certain interrogatory put to him by the creditor. One of the justices decided that he was bound to answer, and the other decided that he was not bound to answer it. In this stage of the proceedings, the two justices determined that they did not agree in opinion and that they could not agree upon a third justice. Therefore, an officer, legally qualified, chose such third justice, who appeared and acted with the others.

The court thus constituted proceeded with the disclosure, but, before it was concluded, the justice selected by the creditor refused to act any further and withdrew. The creditor also withdrew, leaving a protest. The two remaining justices finished the examination—adjudicated upon it, and administered the oath required in the 28th section, and gave a certificate to the debtor.

The first question that arises, is, whether the Court was legally constituted, so as to give jurisdiction under the statute. It is contended, that the third justice was called in prematurely—that the statute does not contemplate such an appointment until the disclosure is finished and there is a disagreement as to the final adjudication thereon, and on the question whether the debtor is entitled to have the oath administered to him.

The words of the statute on this subject are,—"If the justices do not agree, they may choose a third, and if they cannot agree on a third, such officer may choose him; and a majority may decide." It is evident that the Legislature intended to make such provision that the case might proceed to a final adjudication. A disagreement as to citation, notice, or other preliminary matters would necessarily end the proceedings, if the third justice could not be called in at that stage. We think that whenever there is a disagreement on any point or question, which must be decided before the case can proceed, the third justice may be called in. The statute does not in terms limit it to the time of final adjudication. Indeed, such time could never arrive, if the questions anterior could not be decided when there was a disagreement. This is the view taken of this provision in *Moody* v. *Clark*, 27 Maine, 551. The disagreement in that case, was upon the sufficiency of the notification to the creditor. A third justice was called in at that stage, and it was held that the proceeding was regular.

2. It is further contended, that if the court was rightfully enlarged, that it must continue to be composed of the same magistrates until a final adjudication, and that the

action of two, in the absence of the third, was unauthorized and void. It is decided in the case last referred to, that after the new justice is called in, he must act in all questions, until a *final* decision. The court thus constituted of three, is the same court, with the same powers, and to act in the same manner as the first organization with two members, except that "a majority may decide."

What is the effect of the voluntary withdrawal of one of the members before the conclusion of the disclosure, and before any adjudication? The general rule is well established, that whenever a tribunal is constituted of three or more individuals, with authority in a majority to decide, all the members must sit at the hearing; and in the determination of the questions arising. The reason given, is, that the reasonings and suggestions of the minority may change the views at first entertained by the majority — that the intendment of the law is, that the parties shall have the benefit of the opinions and of all in consultation, although they must be bound by the final decision of a majority, after such comparison of views and arguments.

After the addition of a new member, therefore, the concurrence of two only is required, but it also is required that the proceedings shall be on the hearing, and upon the action of the whole board, until a final decision.

This is the rule that has been often applied to reports of referees, where a majority were authorized to decide. *Cumberland* v. *North Yarmouth*, 4 Maine, 459; *Peterson* v. *Loring*, 1 Maine, 64.

It would seem very clear that, if but one justice should attend at the time and place named in the citation, he could not proceed to act. If, after commencing the examination, one of two justices should refuse to act and leave, could the other go on alone, and adjudicate and administer the oath? No one would probably answer this question in the affirmative. The new court of three members, is like the court of two in every respect, except the requirement of the action of a majority, instead of unanimity. If one of the

three withdraws, he leaves the court as imperfect and deficient as when one of two retires and refuses to act.

The tribunal is created by the statute and must conform in its constitution, as well as action, to the requirements of the statute. The debtor, before he can be relieved from the penalty, on the plea of performance in this particular, in case of a statute bond, must show that he has been admitted to take the oath by a legally constituted tribunal, acting throughout in accordance with the law. If he fails, it may be his misfortune rather than his fault, and he may, perhaps, have a remedy against wilful, corrupt or inexcusable refusal of a justice to act after he has assumed jurisdiction in his case. This Court might compel him in such case to act, by mandamus or attachment. 4 Maine, 460, before cited. However this may be, we cannot view the facts in this case as showing a legal performance of the condition of this bond, *if it is a statute bond.*

But is it a statute bond? A statute bond must be exactly double the sum for which the debtor is arrested. *Clark* v. *Metcalf*, 38 Maine, 122. A bond that is *less* than the amount due, and which does not include the interest on the judgment, is not a statute bond. *A fortiori*, a bond which includes an illegal charge is not such bond. *Ibid; Howard* v. *Brown*, 21 Maine, 385; *Barrows* v. *Bridge*, 21 Maine, 398; *Clark* v. *Metcalf*, 38 Maine, 122.

In this case, it appears that the officer included in the fees nine dollars and twenty-seven cents *dollarage*, as it is called. This was clearly an illegal charge, by the express words of the statute, c. 116, § 5. The language of that statute is, "no dollarage or commission shall be allowed to the officer for an arrest or commitment upon execution or mesne process." The penalty of the bond, therefore, varied from the sum required by law. But the plaintiff invokes the provision found in c. 113, § 44, that where this variation is caused "by mistake or accident" the bond shall still be valid. It is claimed that the error in this case was thus caused.

It is very evident that these words were not intended to

cover every mistake by which the bond was made in a wrong sum. Nor is it enough to show only that the officer intended to take the bond according to the statute and verily supposed that his charges were legal and correct. The original statute, c. 148, R. S. of 1841, § 43, contained the words, "from mistake, accident, or *misapprehension.*" This latter word is not found in the present statute.

In the case of *Lombard* v. *Rogers*, 31 Maine, 350, a bond was held to be a statute bond where dollarage had been charged. That, however, was an oral opinion, and, according to the report, the Court intimates a doubt whether dollarage might not be legally charged, and adds, that if not, it might be considered a "*misapprehension.*" This case is imperfectly reported, and, at best, rests upon the word which has been intentionally omitted in the revision.

It is not difficult to suggest cases which clearly come within the words of the statute, — such as a mistake in casting the interest due after judgment; a mistake in addition or multiplication; or in stating the columns or sums; or any mere matters of calculation where the intent and effort was to make a statute bond. But the question here, is, whether a charge deliberately and purposely made of an item of fees, wholly unauthorized and illegal, and so made by the very section of the statute that gives the officer the right to tax any fees on the execution, can be regarded as an "accident or mistake," such as this law contemplates.

The officer, in his testimony, does not deny that he put in this charge *intentionally*, supposing it was a legal charge. He says he intended to make it a statute bond. The law does not regard such ignorance of the plain words of the statute, regulating officers' fees, as entitled to protection. We do not say that an unintentional omission of a legal item in the calculation, the officer supposing that it was included, would not be within the saving words of the statute, and the same may be true of an illegal item included, if it was so included by mistake and unintentionally. But we cannot spread this mantle of charity and protection over a

case, where an officer intentionally foists into his charges an item *wholly* and unquestionably illegal, no part of which is rightfully there, however confidently he may assert that he supposed it legal. Mere ignorance of the law is no excuse in such a case.

We may add that, perhaps, a mistake in the items or amount of a charge, in itself legal, might come within the protection of the statute, if the error was shown to have arisen from accident or mistake. We, however, only decide upon the facts in this case. Other cases must be determined upon their own facts. The bond is not a statute bond, but it is a bond at common law, and the defendants must show a compliance with some one of the conditions stated. But the bond, having no validity as a statute bond, the provisions of the statute as to proceedings to obtain a discharge from its obligations are not to be regarded, except as named expressly in the bond itself. *Clark* v. *Metcalf*, 38 Maine, 132.

A compliance with the condition, although it is not in accordance with the requirements of the statute, is sufficient. Where the statute required that the condition of the bond should be "an examination and oath before two justices of the peace and quorum," and the bond in question was "before two justices of the peace quorum *unus*," it was held that it was not a statute bond, but good at common law. It was further held that the examination and oath, before two justices, only one of whom was of the *quorum*, was a compliance with that part of the condition. *Fales* v. *Dow*, 24 Maine, 211.

Where the statute required a nine months bond, and the one given was six months, it was held not to be a statute bond, and that the fact that the oath was taken within nine months, as required by the statute, did not show a compliance with the terms of the bond. *Hathaway* v. *Crosby*, 17 Maine, 448; *Ware* v. *Jackson*, 24 Maine, 166.

In the case before us, the condition, which the defendants contend has been complied with, is this, — "If said Berry

shall, within six months thereafter, cite the creditor before two justices of the peace and of the quorum, and submit himself to examination, and take the oath prescribed in the 113th chapter, section 28, of the Revised Statutes, then this obligation to be void."

It is admitted, as the case finds, that the oath named in the bond, as prescribed in the 28th section, was administered to the said Joseph Berry, the debtor in this execution and bond, within the six months.　It is also admitted that Jeremiah Ellsworth and Elisha Clark, who administered the oath, were at the time justices of the peace and quorum for the county of Sagadahoc, and legally competent to act in the matter.　This would seem to be a full compliance with the requirement as to taking the oath.

The first stipulation is, that he will within six months cite the creditor before two justices.　No question seems to have been made as to this fact of citation.　The justices who administered the oath certify that the creditor was duly notified.　Mr. Adams, the retiring justice, in his testimony, offered by the plaintiff, says that, at the first meeting, he and the other justice did decide that the citation was legal and duly served.　In the disclosure of the debtor, introduced by plaintiff, he states, in answer to plaintiff's question (2,) that he did cite creditor for this hearing.　A copy of the citation is also annexed to his disclosure.　We think that there is sufficient evidence that the debtor did "cite the creditor."

Did he submit himself to examination?　It appears from the certificate, the testimony and the written examination, that the debtor did appear, and submitted himself to such an examination as is set forth.　He did not refuse to answer any question which the justices determined he was bound to answer.　He finished the disclosure and signed it.

If this had been a disclosure under a statute bond, and the case had been before us on a *certiorari*, it might have presented some serious questions in relation to the pertinency of the questions and the action of the magistrates in reference to them.　But, in this case, on this point the statute re-

Ross *v.* Berry.

quirements are out of the question. The simple condition of the common law bond is, that he will submit himself to examination. There is no express designation of the persons who are to conduct the examination. We have no doubt, however, that it must be an examination conducted by the justices of peace and quorum, touching the debtor's estate and ability to pay, and must be satisfactory to them, the creditors being allowed to put questions which the justices may deem pertinent and proper. Such an examination appears to have been had in this case.

It is objected that the two justices who administered the oath were not the two who commenced the examination, and that the court finally consisted of three members. We have considered the effect of this, if the bond had been within the statute. The common law condition, however, is, that the proceedings shall be before two justices of the peace and quorum. It was decided in *Flowers* v. *Flowers*, 45 Maine, 459, that, although the justices who administered the oath, in case of a common law bond, would have had no jurisdiction in case of a statute bond, not being of the county in which the arrest was made, yet it was a compliance with the terms of the bond, which did not specify in what county the justices must reside. It seems to be enough if two justices of any county act. *Clark* v. *Metcalf*, before cited.

In Massachusetts, where the statute authorized the debtor to select the two justices who were to take the examination and give the certificate, &c., it appeared that two such justices were selected and commenced the proceedings, and adjourned, and at the adjournment one of the justices was absent, and the debtor selected a third in his place, and it was held a sufficient compliance with the law, which required the action of two justices. *Brown* v. *Lakeman*, 5 Met., 347.

The statute provision, giving a creditor a right to select one of the magistrates, does not apply to this case. The debtor is by this bond to cite and submit to examination,

and take the oath before two justices of the peace and quo-
rum. This he has done, and has thus fulfilled one of the
conditions of this common law bond.

According to the agreement of the parties, the default is
to be taken off and a nonsuit to be entered.

*Plaintiff nonsuit.*

TENNEY, C. J., RICE, CUTTING, MAY and GOODENOW,
JJ., concurred.

APPLETON and DAVIS, JJ., non-concurred.

DAVIS, J., dissenting.—I concur in the opinion that the
justices who administered the oath to the debtor, had no ju-
risdiction of the matter, under the statute, after their associ-
ate had refused to act. This raises the question whether
the bond was a statute bond.

The bond did not differ from the requirements of the stat-
ute in any particular, unless the penal sum was too large.
As the obligors would in no event be liable for the whole
penal sum, the question is purely a technical one.

The bond was in double the sum due on the execution,
with the officer's fees, including his dollarage, or fees for
collecting. It is urged that he had no right to include such
fees.

"For services under the provisions of law for the relief
of poor debtors," the officer has no right to charge the *cred-
itor* any dollarage, or commission, in case of an arrest of
the debtor, "except upon the money actually collected."
R. S., c. 116, § 5. He charges the *debtor* nothing, unless
he pays the execution, in which case, he is entitled to dol-
larage. Unless he has the right to reckon this fee in his re-
turn, as a contingent one, to be paid to him if the debtor
performs the condition of *payment* in the bond, the debtor
might always avoid the payment of dollarage by giving a
bond, and then immediately tendering payment. The pro-
vision of statute, that the officer, *in these very cases, shall* be
allowed dollarage " on the money actually collected," seems
to imply that he may charge it as a contingent claim, and

be entitled to it, if the debtor pays the execution upon the bond.

But the officer finds his directions for taking the bond in an entirely different statute. In that, the debtor is required to give a bond to the creditor, "*in double the sum for which he is arrested.*" R. S., c. 113, § 22. For what sum is the debtor arrested? Is it not for the sum which the officer has a right to demand?

The officer is directed by his precept to collect the amount of the judgment for debt, and cost, with interest thereon, &c., together with his own fees, and for want of property "to satisfy the sums aforesaid," to arrest the debtor. The "sums aforesaid," if paid, would clearly embrace fees for collecting, or dollarage. Is he not arrested for them,— that is, in default of paying them?

If the debtor should offer to pay all except the dollarage, but, refusing to pay that, the officer should arrest him, as he rightfully might, would he not be arrested for the whole amount, including dollarage? And if so, ought not the bond to be in double the whole amount, as in the case before us?

But if it is conceded that the bond in this case is valid only at common law, I cannot come to the conclusion that there has been a performance. If it varies from the statute, it is not in the *conditions to be performed*, but in the *penal sum* only. The conditions are *precisely the same* as in a statute bond. How, then, can any acts constitute a performance in one case, which would not in the other?

When the *conditions* of the bond are different from those required by the statute, as to the *time* of performance, or in regard to the *justices* who may act, the debtor must perform the conditions of the *bond*, and not of the *statute*. There are many cases of this kind. And this Court may have inadvertently held that to be a performance of a common law bond, which would not have been a performance of a statute bond, *when the conditions were the same*. If so, the sooner such an error is corrected, the better.

In the bond now under consideration, the debtor covenants to "submit himself to examination and take the oath prescribed by chapter 113, section 28, of the Revised Statutes." The conditions to be performed are literally the same as in a statute bond. The statute is expressly referred to in the bond; and, by a well settled rule of construction, we must resort to the statute to ascertain the intention of the parties. And submitting to an examination, and taking the oath prescribed by the statute, requires that the proceedings should be according to the statute. So it was expressly held by this Court, in the case of *Hovey* v. *Hamilton*, 24 Maine, 451; and, upon a common law bond, the certificate of discharge was, in that case, pronounced void, because one of the justices who administered the oath made an adjournment not provided for by the statute.

The decision in this case is, that upon such a bond, the debtor may cite the creditor before one tribunal, and then take the oath before another, which has no jurisdiction, and the discharge be valid. I cannot concur in such a decision.